Case 3:23-cv-00323-KC   Document 1   Filed 08/25/23   Page 1 of 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **ANDRES FIERRO,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CASE NO. 3:23-cv-00323** |
| § | |
| **DILSHOD MAHAMEDOV, SEIZE THE** § | |
| **WAY, INC., AND HIGHWAY** § | |
| **COMMERCIAL SERVICES, INC.,** § | |
| § | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, **ANDRES FIERRO**, by and through the undersigned attorneys, (hereinafter "Fierro" or "Plaintiff") and files this his Original Complaint against Defendants **DILSHOD MAHAMEDOV** ("Mahamedov"), **SEIZE THE WAY, INC.** and **HIGHWAY COMMERCIAL SERVICES, INC.** (collectively "Defendants") and would respectfully show the Court as follows:

**I.   PARTIES**

1. Plaintiff Andres Fierro is an individual and citizen of the State of Texas who resides in El Paso County, Texas.

2. Defendant Dilshod Mahamedov is an individual and citizen of Tennessee who may be served at his primary place of residence at 400 Chinook Drive, Antioch, Tennessee 37013.

3. Defendant Seize the Way, Inc. is a corporation with its principal place of business at 1801 Home Avenue, Dayton, Ohio 45417 and who may be served through its registered agent Farkhod Abdullaev located at 2278 Millwood Rd., Kettering, Ohio 45440.

4. Defendant Highway Commercial Services, Inc. is a corporation with its principal place of business located at 1801 Home Avenue, Dayton, Ohio 45417 and who may be served

1

through its registered agent Timothy J. Fyda located at 1250 Walcutt Road, Columbus, Ohio 43228.

## II. JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, as this lawsuit arises out of a tort committed by Defendants in whole or in part in Texas. Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by directing their commercial carrier business to this State, maintaining such minimum contacts with this State that the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

6. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen of a U.S. state and Defendants are citizens of a foreign state, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to these claims occurred in this district.

## III. FACTUAL BACKGROUND

8. The National Highway Traffic Safety Administration (NHTSA) reports that more than 4,000 fatal commercial truck crashes occurred on U.S. highways annually.

9. According to the Texas Department of Transportation (TxDOT), the state of Texas leads the nation in commercial truck crashes, reporting over 32,000 annually and an annual death rate of 500 or more fatalities every year.

10. This case arises from a vehicle collision involving a commercial truck that occurred on October 21, 2021, along US Highway 62 in Culbertson County, Texas.

11. Defendants Seize the Way, Inc. ("STW") and Highway Commercial Services, Inc. ("HCS") are in the business of, among other things, facilitating and financing the transport of various goods using commercial trucks and trailers in and throughout the United States, including the state of Texas. Defendants STW and/or HCS are registered with the U.S. Department of Transportation as a motor carrier under USDOT No. 03315006, reportedly operating over 170 commercial trucks with over 182 professional truck drivers.

12. In or around October 2021, Defendant Mahamedov was, on information and belief, employed by STW and/or HCS. As part of his employment, Defendant Mahamedov was responsible for driving tractor trailers on highways in and between multiple states, including the state of Texas.

13. In or around October 2021, Defendants STW and/or HCS are also the owner(s) of a 2019 Freightliner tractor trailer (VIN No. 3AKJHHDRXKSLG6482) and 2021 Hyundai trailer (VIN No. 3H3V532C2MR731456).

14. Defendant STW advertises that it provides transportation and logistics services across the United States, "operat[ing] in all 48 states," uses the "newest equipment and technology in the trucking industry," has "professionally trained and experienced dispatch" and is licensed and/or registered with the United States Department of Transportation's Federal Motor Vehicle Safety Administration (FMCSA).

15. Defendant SWT also advertises that it has "the best drivers," who are "professional[ly] trained" with a "well maintained fleet to make sure everything is safe on the road."

16. Defendant SWT also advertises that it provides all repairs to its trucks in-house.

17. Defendant SWT also advertises that its drivers are all provided "safety ELD devices."

18. On or about October 21, 2021, SWT and/or HCS assigned Defendant Mahamedov to drive one or more of its tractor trailers as part of interstate travel.

19. Defendant Mahamedov drove his tractor trailer west on US 62 at highway speeds in the right-hand lane.

20. While traveling west on US 62 at highway speeds, Defendant Mahamedov turned his tractor trailer across the highway, into oncoming traffic, in order to attempt to turn into a rest stop area.

21. As a result of Defendant Mahamedov's turning into oncoming traffic without warning and without yielding to oncoming traffic, Mahamedov caused a collision with a 2009 Honda Accord traveling in the opposite direction. The 2009 Honda Accord was being driven by Plaintiff, Andres Fierro.

22. Following the collision, the Texas Department of Public Safety ("DPS") performed an investigation into the collision. After performing their investigation, DPS concluded that Defendant Mahamedov's actions were the sole cause of the subject collision and that Plaintiff did not cause or contribute to causing the subject collision.

23. As a result of the collision, Plaintiff Fierro was seriously injured.

24. Thusfar, Defendants have failed or refused to accept responsibility for their actions. For this and related reasons, Plaintiff now files suit.

### IV.   COUNT 1 – NEGLIGENCE AND NEGLIGENCE *PER SE* AGAINST DEFENDANT MAHAMEDOV

25. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

26. In Texas, drivers must follow the Rules of the Road in order to prevent death and destruction on the roadway.

27. A driver is never allowed to needlessly endanger other motorists on the roadway. If a driver needlessly endangers another motorist, and as a result the motorist is injured, the driver must be held responsible.

28. A driver must yield to oncoming traffic before turning their vehicle across lanes of oncoming traffic. If a driver fails to yield to oncoming traffic, and as a result someone is injured, the driver must be held responsible.

29. A driver must always keep a proper lookout in order to protect the public. If a driver fails to keep a proper lookout, and as a result someone is injured, the driver must be held responsible.

30. A driver must always keep a safe distance from the vehicles in front of them to prevent causing serious injury or death to other drivers. If a driver fails to keep a safe distance from vehicles in front of them, and as a result another motorist is injured, the driver must be held responsible.

31. A driver must always keep from becoming distracted to prevent causing serious injury or death to other drivers. If a driver becomes distracted, and as a result another motorist is injured, the driver must be held responsible.

32. Defendant Mahamedov owed Plaintiff a duty to use reasonable care in the operation of his vehicle, and he failed to exercise such reasonable care.

33. Defendant Mahamedov was negligent in one or more of the following manner(s):

    a. In failing to obey the directions or instructions of a traffic control device or roadway markings [Tex. Transp. Code § 544.004];

    b. In failing to yield the right of way to oncoming traffic [Tex. Transp. Code § 545.151(f)];

    c. In failing to yield the right of way while turning left across oncoming traffic [Tex. Transp. Code § 545.152];

    d. In failing to safely turn his vehicle safely [Tex. Transp. Code § 545.103];

    e. In failing to keep a proper lookout;

    f. In driving his vehicle in a willful and wanton manner without due regard for the safety of persons and property [Tex. Transp. Code Ann. § 545.401];

    g. In failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

    h. In failing to swerve or otherwise maneuver the vehicle so as to avoid the collision made the basis of this suit;

    i. In failing to make sure traffic was clear before turning his vehicle across oncoming lanes of traffic, so as to avoid the collision made the basis of this suit;

    j. In obstructing a highway with his vehicle, rendering passage unreasonably hazardous;

    k. In driving carelessly and failing to pay attention; and/or

    l. In otherwise operating the vehicle in an unsafe manner.

34. Defendant's conduct as alleged above violated the Texas Transportation Code and other statutes governing the operation of motor vehicles in the State of Texas. Violations

of those statutes are negligence *per se* and that negligence proximately caused the collision and Plaintiff's injuries.

35. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence and/or negligence *per se* in one or more of the above-referenced particulars.

36. Defendant Mahamedov's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by Plaintiff, which injuries and damages include the following:

    a. Medical expenses in the past and future;

    b. Loss of wage earning capacity in the past and future;

    c. Physical pain and mental anguish in the past and future;

    d. Physical disfigurement in the past and future; and

    e. Physical impairment in the past and future.

### V.   COUNT 2 – NEGLIGENCE AGAINST DEFENDANTS STW AND HCS

37. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

38. Companies who place commercial vehicles on the roadway must always hire qualified drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

39. Companies who place commercial vehicles on the roadway must always properly train their drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

40. Companies who place commercial vehicles on the roadway must always properly supervise their drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

41. Defendants STW and HCS committed acts and omissions of negligence, violating the duty which Defendants owed Plaintiff to exercise ordinary care in the ownership, maintenance, and operation of a commercial motor vehicle and/or as motor carriers engaged in interstate commerce in at least one of the following particulars:

   a. Failing to hire qualified drivers;

   b. Failing to properly train drivers of commercial vehicles;

   c. Failing to have safety policies and procedures for its drivers;

   d. Failing to properly supervise drivers of commercial vehicles;

   e. Failing to properly inspect and maintain driver records; and

   f. In violating one or more provisions of the Federal Motor Carrier Safety Regulations (FMCSR) including without limitation Parts 383, 385, 387, 390, 391 and 395.

42. Defendant STW and/or HCS entrusted the Truck to Defendant Mahamedov, who was a careless, reckless, incompetent, and/or unqualified driver. Defendant Mahamedov was not adequately trained regarding proper use, operation, and safe speed of the Truck and/or regarding the safe transportation of materials over the Texas public roadways. He was further not adequately trained to observe for and adjust his speed for roadway conditions that present special hazards to vehicles, like the Truck he was operating at the time of the wreck. Defendant STW and/or HCS knew or, through the exercise of reasonable care, should have known that Defendant Mahamedov was a careless, reckless and/or incompetent and

unqualified driver and/or was not adequately trained regarding the proper use and operation of the Truck and/or in the safe transport of materials at the time of the accident.

43. Defendants STW and/or HCS was negligent in the hiring, training, supervision, management, and/or retention of Defendant Mahamedov and in negligently entrusting the Truck to him.

44. Defendants STW and/or HCS owed a duty to use ordinary care in the hiring, training, supervision, management, and retention of their employees or statutory employees, specifically Defendant Mahamedov, that corporations generally, and commercial motor carriers specifically, would use under the same or similar circumstances.

45. Defendants STW and/or HCS breached this duty and was negligent by the following acts or omissions:

    a. Defendants STW and/or HCS failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining their employee or statutory employee, and knew or through the exercise of reasonable care should have known, that Defendant Mahamedov was unqualified and/or incompetent to operate a commercial motor vehicle on the public roadways;

    b. Defendants STW and/or HCS failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining their employee or statutory employee, and knew or through the exercise of reasonable care, should have known that Defendant Mahamedov was unqualified and/or incompetent to transport a trailer on the public roadways;

    c. Defendants STW and/or HCS failed to implement appropriate defensive driving and accident avoidance with regard to the vehicle and load being transported on the date of the occurrence;

    d. Defendants STW and/or HCS failed to monitor Defendant Mahamedov's actions within the subject truck; and

    e. Defendants STW and/or HCS violated various provisions of the Federal Motor Carrier Safety Regulations and Carrier Safety Guide, including the aiding and abetting of regulation violations by its drivers, including Defendant Mahamedov.

46. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence and negligence *per se* in one or more of the above-referenced particulars.

47. Defendants STW and/or HCS's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by the Plaintiff, which injuries and damages include the following:

    a. Medical expenses in the past and future;

    b. Loss of wage earning capacity in the past and future;

    c. Physical pain and mental anguish in the past and future;

    d. Physical disfigurement in the past and future; and

    e. Physical impairment in the past and future.

## VI. COUNT 3 - VICARIOUS LIABILITY, *RESPONDEAT SUPERIOR* AND STATUTORY LIABILITY

48. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

49. Defendants STW and HCS are jointly and severally liable for the above-mentioned acts and omissions of Defendant Mahamedov. Plaintiff invokes the common law doctrines of agency liability, *respondeat superior*, and/or vicarious liability for the acts and omissions of Defendant Mahamedov.

50. In addition, under both Federal and State regulations, motor carriers have a duty to control leased vehicles operated for their benefit. As a result, Defendants STW and HCS are the statutory employer of Defendant Mahamedov, and therefore, is jointly and severally liable for the above-mentioned acts and omissions of Defendant Mahamedov.

51. Defendant Mahamedov was operating the Truck at the time of incident as an employee and/or agent and within the course and scope of his employment with STW and/or HCS, as that term is defined by Texas and Federal law.

52. Defendants STW and/or HCS are liable for the wrongful acts and omissions of its current and former employees and agents and should be held liable for every act and omission of the same and any damages resulting therefrom.

## VII. COUNT 4 – GROSS NEGLIGENCE AGAINST DEFENDANTS MAHAMEDOV AND STW AND HCS

53. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

54. The acts or omissions of Defendants Mahamedov, STW and HCS, as described above, when viewed objectively from Defendants standpoint at the time they occurred, involved

an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

55. As described above, Defendants Mahamedov, STW and HCS had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others.

56. Each of the foregoing acts and omissions by Defendants Mahamedov, STW and HCS, singularly or in combination with others, constituted gross negligence pursuant to TEX. CIV. PRAC. & REM. CODE §41.001 et. seq.

57. The negligence and negligence *per se* of Defendants described above occurred as a result of the type of conscious indifference and reckless disregard toward the safety of others as to allow for the award of exemplary or punitive damages under Texas law. Such conduct, as described for fully herein constitutes gross negligence. As a result, Plaintiff hereby makes a claim for exemplary or punitive damages against Defendants Mahamedov, STW and HCS. Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

58. Thus, Defendants are liable for exemplary damages, in accordance with Texas Civil Practice & Remedies Code §41.003.

## VIII.   CONDITIONS PRECEDENT

59. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## IX.   JURY DEMAND

60. Plaintiff demands a jury trial and tenders the appropriate fee with this complaint.

## X. **PRAYER**

61. For the reasons above, Plaintiff Andres Fierro asks the Court to issue summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual damages,
   b. Exemplary damages,
   c. Court costs,
   d. Pre-judgment and post-judgment interest at the highest rates allowed by law, and
   e. All other relief, legal or equitable, to which Plaintiff is entitled.

Dated: August 25, 2023

        Respectfully submitted,

        **CHERRY JOHNSON SIEGMUND JAMES PLLC**

        /s/ Craig D. Cherry

        Craig D. Cherry
        State Bar No. 24012419
        Ryan C. Johnson
        State Bar No. 24048574
        Mark D. Siegmund
        State Bar No. 24117055
        The Roosevelt Tower
        400 Austin Avenue, Suite 903
        Waco, Texas 76701
        (254) 732-2242
        (866) 627-3509 (facsimile)
        ccherry@cjsjlaw.com
        rjohnson@cjsjlaw.com
        msiegmund@cjsjlaw.com

        Hector G. Longoria
        **LONGORIA LAW**
        Texas State Bar No. 00794185
        642 Heights Blvd.,
        Houston, Texas 77007
        Telephone: (713) 929-3996
        Facsimile: (713) 351-0327
        Hector@Longoria.Law
        E-serve: HLTeam@Longoria.Law

        **ATTORNEYS FOR PLAINTIFF**
        **ANDRES FIERRO**